IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | Natasha D. Moore | |
| | First Name  Middle Name  Last Name | |
| Debtor 2 (Spouse, if filing) | | ☑ Check if this is an amended plan. |
| | First Name  Middle Name  Last Name | |
| Case number (If known) | 24-40066 | |

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a) This plan:
    ☐ contains nonstandard provisions. See paragraph 15 below.
    ☑ does not contain nonstandard provisions.

    (b) This plan:
    ☑ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☐ does not value claim(s) that secures collateral.

    (c) This plan:
    ☑ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $ **285.00** for the applicable commitment period of:

    ☐ 60 months; **or**

    ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☑ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☑ Debtor 1 __**100**__ % ☐ Debtor 2 ____%

    ☐ Direct to the Trustee for the following reason(s):
      ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
      ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):

    (c) Additional Payments of $**0.00** (estimated amount) will be made on ____,__ (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

GASB - Form 113 December 1, 2017

Debtor     Natasha D. Moore            Case number

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| -NONE- | | | | | |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| -NONE- | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

     (a)     **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

     (b)     **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $ **4500.00**.

     (c)     **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

     (d)     **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

     (e)     **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

     (f)     **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Georgia Auto Pawn | 2007 Toyota Solara | $1,100.00 | 12.00% | $75.00 |

     (g)     **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

                  ☐ with interest at ____% per annum; or ☐ without interest:
         None

     (h)     **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **00**% dividend or a pro rata share of $ **500.00**, whichever is greater.

5.     **Executory Contracts.**

GASB - Form 113 December 1, 2017

Debtor   Natasha D. Moore                         Case number

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated:   **January 29, 2024**           /s/ Natasha D. Moore
                                        Natasha D. Moore
                                                         *Debtor 1*

                                                         *Debtor 2*

                                        /s/ Judson C. Hill
                                        Judson C. Hill 354277
                                                  *Attorney for the Debtor(s)*

| Debtor | Natasha D. Moore | | Case number | |

(a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| Southern Reef Rentals | Residential Lease | Assumed | $1850.00 | Debtor |

(b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| Southern Reef Rentals | $1850.00 (January 2024 rent payment) |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☑ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| Georgia Auto Pawn | $30.00 |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| -NONE- | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| World Finance | | npmsi |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| -NONE- | | |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

GASB - Form 113 December 1, 2017

## IN THE UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF GEORGIA

| IN RE:<br><br>Natasha D. Moore<br><br>Debtors | Chapter 13<br>Case No.: 24-40066-EJC |
|---|---|

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the **Amended Chapter 13 Plan** on the following address by First Class Mail, placing the same in the United States Mail with proper postage affixed thereon:

- (see attached mailing matrix)

I hereby certify that I have served a copy of the **Amended Chapter 13 Plan** on the following corporations, partnerships, or other unincorporated associations addressed to an Agent or Officer by First Class Mail, with proper postage affixed thereon to the following address:

- n/a

I hereby certify that I have served a copy of the **Amended Chapter 13 Plan** on the following insured depository institutions by Certified Mail to the officer of the institution:

- n/a

I hereby certify that I have served a copy of the **Amended Chapter 13 Plan** on the following parties and counsel electronically through the Notice of Electronic Filing (NEF) at the following addresses:

- n/a

This 30th of January, 2024.

_Pamela J Bordet_
PAMELA J. BARDLET, PARALEGAL

Gastin & Hill
Attorneys at Law
1020 Drayton Street, Suite 201
Savannah, Georgia 31401
(912) 232-0203

Label Matrix for local noticing
113J-4
Case 24-40066-EJC
Southern District of Georgia
Savannah
Tue Jan 30 15:31:28 EST 2024

AAFES
Attn: Bankruptcy
Po Box 650060
Dallas TX 75265-0060

Acima Credit
9815 South Monroe Street
4th Floor
Sandy UT 84070-4384

Ally Bank c/o AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Ally Financial, Inc
Attn: Bankruptcy
500 Woodard Ave
Detroit MI 48226-3416

American Homes 4 Rent
3520 W Montague Ave
#202
North Charleston SC 29418-6099

Army Emergency Relief/AER
2530 Crystal Drive
Suite 13161, 13th floor
Arlington VA 22202-3964

Erica Benjamin
106 Westwind Drive
Pooler, GA 31322-3811

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City UT 84130-0285

Citibank
Citicorp Cr Srvs/Centralized Bankruptcy
Po Box 790040
St Louis MO 63179-0040

Consumer Portfolio Services, Inc.
Attn: Bankruptcy
Po Box 57071
Irvine CA 92619-7071

Credit Central
Attn: Legal/Officer
700 East North Street
Greenville SC 29601-3013

Credit Central South
c/o CT Corp. System Registered Agent
289 S. Culver Street
Lawrenceville GA 30046-4805

Credit Central South, Inc.
d/b/a Credit Central
7088 Hodgson Memorial Drive
Savannah GA 31406-2529

Credit One Bank
Po Box 98872
Las Vegas NV 89193-8872

Defence & Finance Accounting Service In
Dept 3300 Attn: Customer Service
8899 E 56 St
Indianapolis IN 46249-0002

Discover Financial
Attn: Bankruptcy
Po Box 3025
New Albany OH 43054-3025

First Premier Bank
Attn: Bankruptcy
Po Box 5524
Sioux Falls SD 57117-5524

(p)GLOBAL LENDING SERVICES LLC
1200 BROOKFIELD BLVD STE 300
GREENVILLE SC 29607-6583

Judson C. Hill
Gastin & Hill
1020 Drayton Street
Ste. 201
Savannah, GA 31401-6535

Kohls/Capital One
Attn: Credit Administrator
Po Box 3043
Milwaukee WI 53201-3043

MRV Banks
2700 S Lorraine Place
Sioux Falls, SD 57106-3657

O. Byron Meredith, III
P O Box 10556
Savannah, GA 31412-0756

Navient
Attn: Bankruptcy
Po Box 9500
Wilkes Barre PA 18773-9500

Nordstrom Signature Visa
Attn: Bankruptcy
Po Box 6555
Englewood CO 80155-6555

Office of the U. S. Trustee
33 Bull Street, Suite 400
Savannah, GA 31401-3331

(p)MRV BANKS
871 STE GENEVIEVE DR
STE GENEVIEVE MO 63670-1406

(p)REPUBLIC FINANCE LLC
282 TOWER RD
PONCHATOULA LA 70454-8318

Synchrony Bank/JCPenney
Attn: Bankruptcy
Po Box 965060
Orlando FL 32896-5060

(p)TRANSFORM CREDIT INC
1440 W TAYLOR ST
# 431
CHICAGO IL 60607-4623

| | | |
|---|---|---|
| Verizon<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City OK 73118-7901 | Verizon Wireless<br>500 Technology Drive<br>Suite 599<br>Weldon Springs MO 63304-2225 | W.S.Badcock Corporation<br>Post Office Box 724<br>Mulberry,FL 33860-0724 |
| Westlake Portfolio Management, LLC<br>Attn: Bankruptcy<br>Po Box 76809<br>Los Angeles CA 90076-0809 | World Finance<br>609 Brannen Street<br>Suite 7<br>Statesboro GA 30458-2004 | World Finance<br>Attn:  Legal/Officer<br>Po Box 6429<br>Greenville SC 29606-6429 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Global Lending Services LLC<br>Attn: Bankruptcy<br>Po Box 10437<br>Greenville SC 29603 | REVVI<br>Po Box 85800<br>Sioux Falls SD 57118 | Republic Finance Llc<br>Attn: Bankruptcy<br>7031commerce Circle<br>Baton Rouge LA 70809 |
| Transform Credit Inc<br>Attn: Bankruptcy<br>332 S Michigan Ave, 9th Floor<br>Chicago IL 60604 | End of Label Matrix<br>Mailable recipients    35<br>Bypassed recipients     0<br>Total                  35 | |