IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| In re:<br><br>NATASHA D. MOORE<br><br>Debtor | Chapter 13<br>Case No. 24-40070-EJC |

**CREDITOR GATEWAY COMMUNITY SERVICE'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

Creditor Gateway Community Services ("Gateway"), by and through its undersigned counsel, states as follows for its objection to the *Amended Chapter 13 Plan* dated January 31, 2024 (Doc. 16) filed by Natasha D. Moore (the "Debtor"):

**JURISDICTION AND STATUTORY PREDICATES**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

**PROCEDURAL HISTORY**

2. On January 24, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Georgia (the "Court"). *See* Doc. 1.

3. Byron O. Meredith, III (the "Trustee") is the Chapter 13 Trustee.

4. Debtors filed their Schedules on the Petition Date. *See id.*

1

5. On the Petition Date, the Debtor filed her first Chapter 13 Plan (the "Plan"). *See* Doc. 4.

6. Debtor has subsequently amended her plan twice. *See* Doc. 14; Doc. 16.

7. Gateway will timely file its Proof of Claim by the bar date of April 3, 2024 (the "Claim"). That claim is incorporated by reference as if set forth fully herein.

8. This Objection is timely filed.

## BACKGROUND

9. Gateway, as an instrumentality of the State of Georgia, is a public community-based organization serving eight Georgia counties, including Camden, Glynn, McIntosh, Liberty, Chatham, Bryan, Long, and Effingham.

10. Debtor was employed by Gateway as a clinician.

11. On or about January 27, 2023, the Debtor received an overpayment in her paycheck from Gateway in the amount of $21,988.46 (the "Overpayment") for the pay period beginning January 8, 2023 and ending January 21, 2023.

12. The Overpayment was made to Debtor in error.

13. Once the Overpayment was realized by Gateway, both debtor and Gateway discussed how to resolve the issue.

14. Ultimately, Debtor requested Gateway withhold future wages from her payroll checks to repay the Overpayment.

15. Debtor and Gateway thereafter entered into the Repayment Agreement and Payroll Deduction Authorization on March 24, 2023 (the "Agreement").

16. The Agreement provided that the Gateway would make recurring deductions of $666.32 from Debtor's paycheck until the Overpayment was reimbursed in full.

17. The deduction start date was set at April 7, 2023, and the deduction end date was projected as July 12, 2024 (the "Maturity Date"), at which time the full balance of the Overpayment would be fully reimbursed should Debtor remain employed by Gateway.

18. Debtor agreed that should her employment with Gateway end prior to full reimbursement, then Gateway had the authority to deduct the full remaining balance from her last payroll check.

19. Should that amount not cover the full remaining balance, Debtor further agreed to repay the full remaining balance of the Overpayment to Gateway within sixty (60) days of the last day of her employment with Gateway.

20. The Agreement allows Gateway to collect costs of collection and attorneys' fees, should Gateway have to initiate legal proceedings against Debtor for any violation of the Agreement.

21. Debtor provided her resignation letter to Gateway, with her final day set at June 23, 2023.

22. On or about June 22, 2023, Gateway provided Debtor with a Repayment Agreement Reminder (the "Reminder"), which outlined what deductions had been made and what remained outstanding.

23. Debtor was informed through the Reminder that the remaining balance of the Overpayment was $17,415.50.

24. The Reminder explained to Debtor she had sixty (60) days from her separation date to repay the remaining balance in full.

25. Specifically, Debtor was demanded to repay $17,415.50 by no later than August 22, 2023.

26. If the Overpayment balance was not paid on or before August 22, 2023, Gateway stated they would pursue all available legal options against Debtor.

27. After her resignation, Debtor did not provide Gateway with the Overpayment balance.

28. On November 28, 2023, Gateway Behavioral Health Services filed suit in Chatham County, Georgia Magistrate Court to enforce the Agreement and recover the unpaid Overpayment from Debtor. *See Gateway Behavioral Health Services v. Natasha Moore*, Case No. MGCV23-16153 (the "Recovery Lawsuit").

29. The Recovery Lawsuit brought claims for breach of contract, money had and received, conversion, and attorneys' fees against Debtor.

30. On January 24, 2024, the Recovery Lawsuit was stayed due to the filing of this Bankruptcy Action.

31. As of the Petition Date, the total amount due and owing to Gateway by the Debtor under the Agreement was $17,415.50.

32. Debtor has failed to make payments pursuant to the Agreement during its term, outside of the monies withheld from Debtor's paychecks. Indeed, from the

time of her resignation in June 2023 until the Debtor's bankruptcy petition filed in January of 2024, the Debtor failed to make a single payment to Gateway.

## OBJECTION

33. The Debtor's Plan fails to propose full or even substantial repayment of the $17,415.50 owed to Gateway.

34. Consequently, Gateway objects to the confirmation of the Plan.

WHEREFORE, for the reasons set forth above Gateway respectfully asks that this Court find that the Debtor's Plan fails to meet the requirement of 11 U.S.C. § 1325 and deny confirmation accordingly. Gateway seeks such other relief as is just and proper under the circumstances, including, but not limited to, dismissal of the case with a bar to refiling pursuant to 11 U.S.C. § 349(a).

Dated: March 27, 2024

**FREEMAN MATHIS & GARY, LLP**

*/s/ Brian S. Goldberg*
Brian S. Goldberg
Georgia Bar No. 128007

*Attorney for Creditor*

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
Telephone: (770) 818-0000
Facsimile: (833) 330-3669
E-mail: brian.goldberg@fmglaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| **In re:**<br><br>**NATASHA D. MOORE**<br><br>**Debtor** | **Chapter 13**<br>**Case No. 24-40070-EJC** |

## **CERTIFICATE OF SERVICE**

I, Brian S. Goldberg, hereby certify that on March 27, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide electronic service to counsel for the Debtor, the Chapter 13 Trustee, the Office of the United States Trustee, and all other parties entitled to receive electronic notice in this case. I further certify that on this same date I caused a copy of the foregoing to be served via United States First Class Mail, postage prepaid, to the Debtor at the following addresses: Natasha D. Moore, 1107 W. 40th Street, Savannah, Georgia 31415.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Brian S. Goldberg*
Brian S. Goldberg
Georgia Bar No. 128007

*Attorney for Creditor*

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
Telephone: (770) 818-0000
Facsimile: (833) 330-3669
E-mail: brian.goldberg@fmglaw.com